UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY ROBINSON (#533146)**                                        **CIVIL ACTION**

**VERSUS**

**JEFFERY HALL, SGT.**                                              **NO. 16-0350-SDD-EWD**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 16, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Erin Wilder-Doomes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY ROBINSON (#533146)**  CIVIL ACTION

**VERSUS**

**JEFFERY HALL, SGT.**  NO. 16-0350-SDD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss (R. Doc. 12) and the parties' Cross-Motions for Summary Judgment (R. Docs. 18 and 31).

*Pro se P*laintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Jeffery Hall, complaining that Defendant Hall violated Plaintiff's constitutional rights on November 19, 2015,[1] by intentionally allowing a co-inmate to attack Plaintiff on that date and by also subjecting Plaintiff to excessive force during or after the altercation. Plaintiff further complains that the actions of Defendant Hall were motivated by retaliatory animus in response to an administrative grievance that Plaintiff had filed against Defendant Hall.

Addressing first Defendant's Motion to Dismiss (R. Doc. 13), Defendant initially seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's claim for monetary damages asserted against Defendant in his official capacity. In this regard, Defendant is correct that § 1983 does not provide a federal forum for a

---

1  In his original Complaint, Plaintiff misstated the date of the incident complained as being September 18, 2015. He has since been allowed to amend the Complaint to correct the date as indicated. *See* R. Docs. 29 and 45.

litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim asserted against Defendant in his official capacity for monetary damages is subject to dismissal. In contrast, Plaintiff's claim for monetary damages asserted against Defendant in his individual capacity remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29.[2]

Turning to a consideration of Plaintiff's claims that are not subject to dismissal on

---

2  Plaintiff includes a prayer for declaratory and injunctive relief in his Complaint, and the law is clear that a claim for declaratory and injunctive relief asserted against a state employee in an official capacity is not barred by the Eleventh Amendment because such a claim is not seen to be a claim asserted against the state. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 Am. Jur. 2d Civil Rights § 101. Notwithstanding, the Court finds that Plaintiff's claim for such relief asserted against Defendant should be rejected. Specifically, in order to have standing to sue for declaratory or injunctive relief, a party must (1) have suffered an injury in fact, (2) establish a causal connection between the injury and a defendant's conduct, (3) show that it is likely, not merely speculative, that a favorable decision will redress the injury, and (4) "demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Funeral Consumers Alliance, Inc. v. Service Corporation International*, 695 F.3d 330, 342 (5th Cir.2012), *citing James v. City of Dallas, Texas*, 354 F.3d 551 (5th Cir.2001). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). *See also City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). In the instant case, Plaintiff complains of a single past incident involving Defendant, and there is no showing of any likelihood that the alleged wrongful conduct is continuing or will be repeated. Accordingly, Plaintiff does not have standing to assert a claim for declaratory and injunctive relief against Defendant.

jurisdictional grounds, the Court will next address the parties' Cross-Motions for Summary Judgment, which Motions are supported by substantive argument and, in connection with Defendant's motion, by an evidentiary submission. In this regard, Plaintiff has neither provided a sworn declaration nor attached any exhibits to his Motion whereas Defendant has augmented his Motion with a Statement of Undisputed Facts and certified copies of Plaintiff's medical and mental health records.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record that demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case

where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, Plaintiff alleges that on November 19, 2015, he was assigned to a maximum security punitive cellblock and was on the tier hallway, unrestrained, when Defendant intentionally allowed another maximum security inmate, also unrestrained, to exit the shower cell in which he was then confined and attack Plaintiff. Plaintiff further alleges that this was in clear violation of prison rules that provide that, at that custody level, "at no time shall two (2) or more offenders … be released from their assigned cells together unless they are fully restraint [sic] in handcuffs, waist chain, shackles and, also, escorted by security staff(s)." Plaintiff further alleges that while the co-inmate attack was ongoing, Defendant entered the cellblock tier hallway and himself utilized excessive force against Plaintiff by "striking the plaintiff with closed fists about the face, head, neck and body area," allegedly causing physical and emotional injury to Plaintiff. Finally, Plaintiff alleges that the actions of Defendant were undertaken in retaliation for an administrative grievance that Plaintiff had previously filed against Defendant.

Initially, the Court concludes that Plaintiff's Motion for Summary Judgment is deficient for the reason that it is neither verified nor accompanied by any sworn assertions or other evidentiary showing. As a result, Plaintiff presents nothing for consideration by the Court that reflects the absence of disputed issues of material fact or otherwise establishes that he is entitled to judgment in his favor as a matter of law. For this reason, Plaintiff's Motion for Summary

Judgment should be denied.

Turning to a consideration of Defendant's Motion for Summary Judgment, Defendant asserts in response to Plaintiff's allegations that he is entitled to qualified immunity in connection with Plaintiff's claims. Specifically, Defendant contends that Plaintiff will be unable to establish that Defendant engaged in any violation of Plaintiff's constitutional rights on November 19, 2015.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers whether Defendant's conduct violated Plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement"). Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Saucier v. Katz, supra*, 194 U.S. at 201. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted. *Id.* at 202.

Undertaking the qualified immunity analysis, the Court concludes that on the record before it, Defendant's Motion for Summary Judgment should also be denied and that the parties have failed to show that there are no disputed factual questions in this case. In this regard, Plaintiff's allegations may be seen to invoke (1) his Eighth Amendment right to be free from cruel and

unusual punishment in the form of a failure to protect him from a substantial risk of serious injury at the hands of another inmate, (2) his Eighth Amendment right to be free from cruel and unusual punishment in the form of excessive force by Defendant, and (3) his First Amendment right to be free from retaliation in response to his exercise of the right to seek redress of grievances by complaining about the wrongdoing of security officers. Defendant's Motion for Summary Judgment, however, does not legally or factually address either Plaintiff's failure-to-protect claim or his retaliation claim. As a result, these claims have not been sufficiently developed, and the Court is unable to recommend a disposition in connection therewith. Further, with regard to the excessive force claim, Defendant's Motion focuses entirely upon the alleged lack of evidence of injury resulting from the incident complained of and/or the extent of such injury. As discussed hereafter, however, this is not the sole inquiry in an excessive force claim, and the Court is neither willing nor able to recommend dismissal of this claim without further factual development.

A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *relying upon Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). Notwithstanding, there is a conceptual distinction between a *de minimis* injury and a *de minimis* use of force. *Wilkins v. Gaddy, supra*, 559 U.S. at 38 ("Injury and force ... are only imperfectly correlated, and

it is the latter that ultimately counts"). The fact that an inmate may have sustained only minimal injury does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id.* For Eighth Amendment purposes, evidence of the existence and extent of injuries, while not dispositive, may be considered in conjunction with other factors to help determine whether the force used was excessive. *See Brown v. Lippard,* 472 F.3d 384, 386 (5th Cir. 2006) ("In evaluating excessive force claims, courts may look to the seriousness of the injury to determine 'whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur'"). Other factors that may be considered include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

In the instant case, Defendant has focused entirely upon the dearth of objective medical evidence to support his assertion that Plaintiff will be unable to show that he was subjected to more than a *de minimis* use of force on November 19, 2015. Specifically, Defendant relies upon the fact (1) that the medical record prepared on the date of the incident reflects that Plaintiff voiced no complaints, had no visible trauma and stated that he did not need any medical care, (2) that Plaintiff signed a form refusing medical treatment on that date, and (3) that Plaintiff did not seek further medical attention thereafter. Notwithstanding, as noted above, while the absence of serious injury is relevant to the inquiry whether excessive force was utilized, it does not end the inquiry. Further, while proof of some injury is a prerequisite for an excessive force claim, *see Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), Plaintiff in fact alleged in his Complaint that he

sustained "injuries to his face, head, neck and body area, and, also, mental and emotional distress." *See* R. Doc. 1 at p. 6.   Finally, Defendant's Motion does not include his own affidavit or sworn statement that might address the events leading up to the confrontation of November 19, 2015, explain Defendant's reason for allowing two maximum security inmates to be together unrestrained on the tier hallway, clarify for the Court Defendant's state of mind, specifically whether he intended for the confrontation to occur or was merely negligent in allowing the two inmates to confront each other on the tier hallway, and the extent of force utilized by Defendant in attempting to bring order to the tier.   Such factual development would better allow the Court to evaluate the parties' claims in this proceeding.   In the absence of such development, the Court is unable to conclude that there are no disputed facts in this case and that Defendant is entitled to judgment as a matter of law.

Finally, to the extent that Plaintiff seeks to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.   28 U.S.C. § 1367.   In the instant case, the Court concludes that any state law claims would potentially predominate over the federal claims arising under the Eighth and First Amendments to the United States Constitution.   Accordingly, the Court recommends that supplemental jurisdiction be declined in connection with any potential state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over

Plaintiff's state law claims and that Defendant's Motion to Dismiss (R. Doc. 12) be granted, dismissing Plaintiff's claims asserted against Defendant in Defendant's official capacity. It is further recommended that the parties' Cross-Motions for Summary Judgment (R. Docs. 18 and 31) be denied and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on August 16, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**