## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRY ROBINSON (#533146)**                         **CIVIL ACTION**

**VERSUS**                                              **NO. 16-350-SDD-EWD**

**JEFFERY HALL**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 16, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY ROBINSON (#533146)**      **CIVIL ACTION**

**VERSUS**      **NO. 16-350-SDD-EWD**

**JEFFERY HALL**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are a Motion for Summary Judgment[1] filed by Defendant, Jeffery Hall, and a Motion for Judgment as a Matter of Law,[2] filed by Plaintiff, Terry Robinson. For the following reasons, it is recommended that Defendant's Motion for Summary Judgment be granted, and Plaintiff's Motion for Judgment as a Matter of Law be denied.

     **I.**      **Background**

*Pro se* Plaintiff, Terry Robinson ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana filed this action pursuant to 42 U.S.C. § 1983 against Jeffery Hall ("Defendant"). Plaintiff complains that Defendant violated Plaintiff's constitutional rights on November 19, 2015,[3] by intentionally allowing a co-inmate to attack Plaintiff on that date and by also subjecting Plaintiff to excessive force during or after the altercation. Plaintiff further complains that the actions of Defendant were motivated by retaliatory animus in response to an administrative grievance that Plaintiff had previously filed against Defendant. Plaintiff seeks monetary and injunctive relief.[4]

---

[1] R. Doc. 63.
[2] R. Doc. 56.
[3] In his original Complaint, Plaintiff misstated the date of the incident complained as being September 18, 2015. He has since been allowed to amend the Complaint to correct the date as indicated. (R. Docs. 29 & 45).
[4] Plaintiff's official capacity and state law claims were previously denied. (R. Docs. 47 & 48).

**II.    Law & Analysis**

**A.  Standard of Review**

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[5] A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[6] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[7] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[8] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[9] Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.[10] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and the court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[11]

---

[5] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[6] *Celotex Corp.*, 477 U.S. at 322.
[7] *Anderson*, 477 U.S. at 248.
[8] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[9] *Celotex Corp.*, 477 U.S. at 323.
[10] *Little*, 37 F.3d at 1075.
[11] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

However, under Fed. Rule. Civ. Proc. 56(c), a party must cite to evidence or show that the materials cited do not support the presence or absence of a dispute.

### B. Plaintiff's Claims against Defendant Should be Dismissed

#### 1. Deliberate Indifference

First, Plaintiff claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated due to Defendant's failure to protect Plaintiff from a substantial risk of serious injury at the hands of another inmate. Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[12] Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates."[13] "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law.[14] An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[15] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.[16] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[17] Mere negligence is insufficient to establish a failure to protect claim.[18]

---

[12] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[13] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[14] *Id.* at 837.
[15] *Id.*
[16] *Id. at 847*.
[17] *Id.* at 837.
[18] *Farmer*, 511 U.S. at 837.

3

Although Plaintiff alleges Defendant "intentionally released offender Kenyetta Polite from the shower cell. . . for the purpose of having offender Kenyetta Polite attack the Plaintiff,"[19] no evidence has been presented to support this conclusory assertion. Relative to this claim, the evidence adduced indicates that, immediately prior to the incident, Defendant ordered Plaintiff to go into his cell.[20] Plaintiff initially refused but then agreed.[21] Defendant opened the "pin box" to allow Plaintiff to enter his cell, but mistakenly hit the wrong knob, and instead of Plaintiff's cell door opening, the door to a shower cell holding inmate Kenyatta Polite ("Polite") opened.[22] Defendant stated in his affidavit that "[a]ll of the knobs on the pin box are close to each other, look the same, and are easy to confuse."[23] Once the incorrect button was pushed, Polite "unexpectedly ran up to Plaintiff and the two began fighting."[24] The evidence presented indicates the release of Polite from the shower cell was a result of mere inadvertence, and inadvertence is not prohibited by the cruel and unusual punishments clause of the Eighth Amendment.[25] Plaintiff has not presented any evidence to indicate that the release of Polite was a result of anything but inadvertence or mistake. To the contrary, in his opposition memorandum, Plaintiff asserts that Defendant is responsible because Defendant failed "to take reasonable safety precaution measures to avoid any mistakes occurring . . . like happen [sic] in Plaintiff's case."[26] Accordingly, no genuine issue of material fact exists with respect to this claim, and Defendant is entitled to judgment as a matter of law.

---

[19] R. Doc. 1, p. 5.
[20] R. Doc. 63-3, p. 2.
[21] R. Doc. 63-3, p. 2.
[22] R. Doc. 63-3, p. 2.
[23] R. Doc. 63-3, p. 2.
[24] R. Doc. 63-3, p. 2.
[25] *See Whitley v. Albers*, 475 U.S. 312, 319 (1986).
[26] R. Doc. 62, p. 1.

### 2. Excessive Force

Second, Plaintiff alleges Defendant acted with excessive force in violation of Plaintiff's Eighth Amendment right when Defendant broke up the fight between Plaintiff and Polite. It is axiomatic that corrections officers are faced with myriad situations where they must exercise discretion, including situations where they must choose whether to exercise force against a prisoner. When force is used, a corrections officer must also exercise discretion to determine the appropriate amount of force.[27]

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[28] "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."[29] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."[30] Factors to be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response.[31]

---

[27] *See, e.g., Henry v. North Texas State Hospital*, Civ. Action No. 12-cv-198, at *3, 2013 WL 3870292 (N.D. Tex. July 9, 2013) ("Qualified immunity is available to public officials such as prison guards and state hospital employees who must exercise discretion.")
[28] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[29] *Wilkins*, 559 U.S. at 38.
[30] *Hudson*, 503 U.S. at 10.
[31] *Id.* at 7.

5

Moreover, though an inmate need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force.[32] Although the United States Supreme Court has made clear that the absence of serious injury does not alone defeat an excessive force claim, the Court has further stated that "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation," and "may also provide some indication of the amount of force applied."[33]

Although Plaintiff alleges Defendant struck him with "closed fists" several times,[34] no competent summary judgment evidence has been presented to support this assertion. Here, the evidence presented indicates that force was utilized in an effort to break up a fight between Plaintiff and Polite and that officers used force in an attempt to restrain Plaintiff and Polite, but Plaintiff was noncompliant.[35] Accordingly, officers brought Plaintiff to the ground to enable them to restrain Plaintiff's hands behind his back.[36] Plaintiff was then placed in his cell.[37] The use of an appropriate level of force is sometimes necessary to break up altercations between inmates.[38] Defendant has submitted evidence that force was used to maintain control of a situation, and once control was attained, no further force was utilized.[39] Plaintiff has failed to present contrary

---

[32] *Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992).
[33] *Wilkins v. Gaddy,* 559 U.S. 34 (2010).
[34] R. Doc. 1, p. 5.
[35] R. Doc. 63-3, pp. 2-3.
[36] R. Doc. 63-3, p. 3.
[37] R. Doc. 63-3, p. 3.
[38] *See Abrams v. Jones*, Civ. Action No. 03-2278, 2004 WL 1197099 at *5 (E.D. La. May 28, 2004) (noting that the use of chemical spray *(i.e.*, force) to break up a fight has been recognized as an appropriate course of action). *See Suggs v. Landry*, 12-0014, 2013 WL 622230 at *2-3 (M.D. La. Feb. 19, 2013) (wherein a plaintiff alleged that when officers broke up a fight between he and another inmate he was struck with approximately fourteen to twenty blows by an officer).
[39] While Plaintiff argues that Defendant continued to use force while Plaintiff was already subdued and restrained (R. Doc. 62, p. 3), Plaintiff does not submit any evidence to support this contention, and Plaintiff did not make this claim in his Complaint. ("[T]he Defendant Jeffrey Hall came onto the tier and begun [sic] to also striking the Plaintiff with closed fists about the face, head, neck and body area.") (R. Doc. 1, p. 6).

6

evidence. Further, Plaintiff has failed to put forth evidence that he sustained *any* injury (physical or psychological) as a result of the incident at issue. Rather, his medical records from the date of the incident reveal that Plaintiff stated he did not need medical care.[40] The fact that Plaintiff sustained no reportable injury further supports the notion that the force applied in the situation was not excessive. Accordingly, Defendant has carried his burden in showing that he is entitled to summary judgment with respect to Plaintiff's claim of excessive force.

### 3.    Retaliation

Finally, Plaintiff alleges that Defendant's act of releasing Polite from the shower was done with retaliatory animus. Approximately two months prior to the incident at issue, Plaintiff filed an ARP against Defendant. Plaintiff alleges that due to this ARP, Defendant sought to harm Plaintiff.

It is well-established that prison officials may not retaliate against a prisoner for exercising his constitutional rights.[41] Moreover, the taking of action against an inmate in retaliation for the inmate's exercise of his First Amendment constitutional rights is a violation of the inmate's constitutional rights.[42] Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his right to complain to supervisory officials about the alleged wrongful conduct of prison security officers. However, since claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation.

The elements of a claim under a retaliation theory are as follows: (1) the plaintiff's invocation of a specific constitutional right; (2) the defendant's intent to retaliate against the plaintiff for exercise of that right; (3) a retaliatory adverse act; and (4) causation.[43] Further, to

---

[40] R. Doc. 23-4, p. 27.
[41] *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986).
[42] *See, Woods v. Smith*, 60 F.3d. 1161, 1164-65 (5th Cir.1995).
[43] *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

sustain a showing of a constitutional violation, the plaintiff must assert more than a *de minimis* or inconsequential retaliatory adverse act.[44]

As discussed above, there is absolutely no evidence in the record that Defendant's act of pressing the button, which released inmate Polite, was anything more than a mere mistake. It is impossible for a retaliatory act to be one made by mistake because retaliation requires retaliatory intent.[45] Plaintiff's allegations with respect to a retaliatory animus are conclusory. Further, as pointed out by Defendant, Plaintiff does not present evidence that Defendant even knew of the ARP Plaintiff had previously filed at the time of the incident. Thus, the chronology of events alleged falls short of indicating a timeline from which the Court could possibly infer retaliatory motive.[46] Based on the facts presented, no retaliatory animus on the part of Defendant can plausibly be inferred. Accordingly, Defendant is also entitled to summary judgment on this claim.

Finally, to the extent Plaintiff attempts to make a procedural due process claim, this claim also fails. Plaintiff's only mention of a due process violation is to the effect that he was "expos[ed] . . . to punishment without due process of law."[47] Further, Plaintiff makes no arguments regarding a due process violation in opposition to Defendant's Motion for Summary Judgment. It appears as though the "punishment" of which Plaintiff complains is the release of inmate Polite and/or the force used against Plaintiff to gain his compliance in breaking up the altercation between Plaintiff and Polite. For a procedural due process claim to succeed, a plaintiff must demonstrate that state action as deprived the individual of a protected interest in life, liberty, or property.[48] Plaintiff has failed to assert that the alleged "punishment" imposed deprived him of anything at all, much less

---

[44] *Morris v. Powell,* 449 F.3d 682, 684-85 (5th Cir. 2017).
[45] *See Glenn v. Barua*, 252 F.Appx. 493, 499 (3rd Cir. 2007) (a mere mistake does not give rise to an inference of retaliatory conduct).
[46] *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (because direct evidence of retaliatory motive is often not available, Plaintiffs can allege a "chronology of events" from which retaliation may be plausibly inferred).
[47] R. Doc. 1, p. 6.
[48] *Augustine v. Doe*, 740 F.2d 322, 327 (5th Cir. 1984).

8

a protected interest in life, liberty, or property. Accordingly, this claim also must fail as a matter of law.

Based on the foregoing, Defendant has shown there are no genuine issues of material fact and that he is entitled to judgment as a matter of law on all claims. Plaintiff's Motion for Judgment as a Matter of Law,[49] which consisted of a one-page document with no supporting evidence, should be denied.

### III. Recommendation

It is **RECOMMENDED** that Defendants Motion for Summary Judgment[50] be **GRANTED** and Plaintiff's action be **DISMISSED** with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Judgment as a Matter of Law[51] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Extension of Time[52] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on April 16, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] R. Doc. 56.
[50] R. Doc. 63.
[51] R. Doc. 56.
[52] R. Doc. 54. Plaintiff's Motion for Extension seeks to continue the pre-trial conference that was scheduled for March 12, 2019. That conference was canceled by the Court to permit a determination of the Defendant's Motion for Leave to file the Motion for Summary Judgment. (R. Doc. 64).